UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:25-cr-192-WWB-LLL

MICHAEL RALPH GARONE
CIERRA NICOLE MICHEL
LESLIE ANNETTE GARONE

18 U.S.C. § 1349
18 U.S.C. §§ 1344 and 2
18 U.S.C. §§ 1343 and 2
18 U.S.C. § 371
18 U.S.C. §§ 1708 and 2

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Conspiracy to Commit Bank Fraud)**

**A. Introduction**

At all times material to this Indictment:

1.  Bank of America, BBVA Compass Bank, Capital One, Coastal Community Bank doing business as Bluevine, Pacific National Bank doing business as Facile, JPMorgan Chase Bank, Radius Bank, and TD Bank were financial institutions doing business in the Middle District of Florida, and elsewhere, and their accounts were federally insured by the Federal Deposit Insurance Corporation.

2.  Grow Financial Federal Credit Union, Navy Federal Credit Union, Pentagon Federal Credit Union and VyStar Credit Union were financial institutions doing business in the Middle District of Florida, and elsewhere, and their accounts were federally insured by the National Credit Union Administration.

3. Fidelity Investments and USAA Investment Services Company were financial services companies that offered customers investment and brokerage services, among other services.

### B. The Conspiracy

4. Beginning on an unknown date, but not later than in or about January 30, 2020, and continuing through and including in or about January 2021, in the Middle District of Florida, and elsewhere, the defendants,

MICHAEL RALPH GARONE
CIERRA NICOLE MICHEL,

did knowingly and willfully combine, conspire, confederate, and agree with each other and others, both known and unknown to the Grand Jury, to execute and attempt to execute a scheme and artifice to defraud financial institutions and to obtain monies, funds, and credits under the custody and control of financial institutions with accounts federally insured by the Federal Deposit Insurance Corporation and the National Credit Union Administration, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

### C. Manner and Means of the Conspiracy

5. The manner and means by which the conspirators carried out the conspiracy and scheme and artifice to defraud included, but were not limited to the following:

   a. It was part of the conspiracy in the Middle District of Florida, and elsewhere, that the defendants established bank accounts at financial institutions.

b. It was further part of the conspiracy that the defendants established accounts at Fidelity Investments and USAA Investment Services Company.

c. It was further part of the conspiracy that the defendants submitted fraudulent change of address requests to the United States Postal Service ("USPS") for Bank of America.

d. It was further part of the conspiracy that the defendants obtained the mail that was fraudulently sent to them.

e. It was further part of the conspiracy that the defendants opened the stolen mail.

f. It was further part of the conspiracy that the defendants would remove items of value to include checks and money orders from the stolen mail and take possession of the items.

g. It was further part of the conspiracy that the defendants would at times alter the items obtained from the stolen mail.

h. It was further part of the conspiracy that the defendants utilized various financial institutions to include Bank of America, BBVA Compass Bank, Capital One, Coastal Community Bank doing business as Bluevine, Pacific National Bank doing business as Facile, JPMorgan Chase Bank, Radius Bank, and TD Bank for purposes of depositing checks and money orders obtained from the stolen mail.

i. It was further part of the conspiracy that the defendants utilized financial services companies to include Fidelity Investments and USAA Investment Services Company for purposes of depositing checks obtained from the stolen mail.

j. It was further part of the conspiracy that the defendants would drive to financial institutions for purposes of depositing items obtained from the stolen mail.

k. It was further part of the conspiracy that the defendants would at times make mobile deposits of items obtained from the stolen mail.

l. It was further part of the conspiracy that after depositing items obtained from the stolen mail into an account at a financial institution, the defendants made ATM withdrawals of cash.

m. It was further part of the conspiracy that after depositing items obtained from the stolen mail into an account at a financial institution, the defendants made point of sale purchases utilizing an access device(s) associated with the account receiving the item(s) obtained from the stolen mail.

n. It was further part of the conspiracy that the conspirators would issue counterfeit checks.

o. It was further part of the conspiracy that the conspirators would initiate fraudulent Automated Clearing House ("ACH") / wire transfers of funds.

p. It was further part of the conspiracy that the conspirators shared in the proceeds of the conspiracy.

q. It was a further part of the conspiracy that the conspirators performed acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of the scheme and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

### COUNTS TWO THROUGH SEVEN
### (Aiding and Abetting Bank Fraud)

#### A. Introduction

1. Part A of Count One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

#### B. Scheme and Artifice

2. Beginning on an unknown date, but not later than in or about January 2020, and continuing through and including in or about January 2021, in the Middle District of Florida, and elsewhere, the defendants,

MICHAEL RALPH GARONE
CIERRA NICOLE MICHEL,

knowingly, willfully, and with intent to defraud and to get money or property owned or controlled by a financial institution by using false pretenses, representations, or promises, did devise and intend to devise and participate in, a scheme and artifice, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## C. Manner and Means

3. Part C of Count One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

## D. Execution of the Scheme

4. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendants,

MICHAEL RALPH GARONE
CIERRA NICOLE MICHEL,

knowingly and intentionally executed and attempted to execute and aided and abetted in the execution and attempted execution of the aforesaid scheme and artifice, by causing the fraudulent transactions described below:

| COUNT | DATE | FINANCIAL INSTITUTION | TRANSACTIONS |
|---|---|---|---|
| TWO | September 4, 2020 | Bank of America | Fraudulent check issued from BOA account ending in 8938 for $975.00 |
| THREE | September 4, 2020 | Bank of America | Fraudulent check issued from BOA account ending in 8938 for $4,500.00 |
| FOUR | September 15, 2020 | Bank of America | Fraudulent check issued from BOA account ending in 8938 for $4,500.00 |
| FIVE | September 23, 2020 | Bank of America | Fraudulent check issued from BOA account ending in 8938 for $3,000.00 |

| SIX | December 3, 2020 | Coastal Community Bank doing business as Bluevine | Fraudulent check issued from Bluevine account ending in 8009 for $3,000.00 |
| SEVEN | December 4, 2020 | Coastal Community Bank doing business as Bluevine | Fraudulent check issued from Bluevine account ending in 8009 for $3,000.00 |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT EIGHT
### (Conspiracy to Commit Wire Fraud)

### A. Introduction

1. Part A of Count One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

### B. The Conspiracy

2. Beginning on an unknown date, but not later than in or about January 2020, and continuing through and including in or about January 2021, in the Middle District of Florida, and elsewhere, the defendants,

MICHAEL RALPH GARONE
CIERRA NICOLE MICHEL,

did knowingly and willfully combine, conspire, confederate, and agree with each other and others, both known and unknown to the Grand Jury, to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and

promises, by transmitting and causing to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, visual pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

## C. Manner and Means

3. Part C of Count One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

All in violation of 18 U.S.C. § 1349.

## COUNTS NINE THROUGH NINETEEN
### (Wire Fraud)

### A. Introduction

1. Part A of Count One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

### B. Scheme and Artifice

2. Beginning on an unknown date, but not later than in or about January 2020, and continuing through and including in or about January 2021, in the Middle District of Florida and elsewhere, the defendants,

MICHAEL RALPH GARONE
CIERRA NICOLE MICHEL,

knowingly, willfully, and with intent to defraud, did devise and intend to devise and participate in, a scheme and artifice, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

8

### C. Manner and Means

3. Part C of Count One of this Indictment is realleged and incorporated by reference, as if fully set forth herein.

### D. Wire Communications

4. On or about the dates set forth below in each count, in the Middle District of Florida, and elsewhere, for the purpose of executing the aforesaid scheme and artifice, and attempting to do so, the defendants,

MICHAEL RALPH GARONE
CIERRA NICOLE MICHEL,

did knowingly transmit and cause to be transmitted and aided and abetted in the transmission, by means of wire in interstate commerce the following:

| COUNT | DATE | TRANSACTIONS |
|---|---|---|
| NINE | September 10, 2020 | Wire from BOA account ending in 8938 for $2,943.80 |
| TEN | September 18, 2020 | Online account opening application for Pacific National Bank d/b/a Facile |
| ELEVEN | September 23, 2020 | Wire from BOA account ending in 8938 for $1,000.00 |
| TWELVE | November 24, 2020 | Account opening for Miller Pipeline, LLC at Coastal Community Bank d/b/a Bluevine |
| THIRTEEN | November 25, 2020 | Online/mobile deposit of a fraudulent check for $6,504.08 |

| FOURTEEN | November 25, 2020 | Online/mobile deposit of a fraudulent check for $4,350.30 |
| FIFTEEN | November 25, 2020 | Online/mobile deposit of a fraudulent check for $4,498.88 |
| SIXTEEN | December 1, 2020 | Online/mobile deposit of a fraudulent check for $4,986.96 |
| SEVENTEEN | December 1, 2020 | Online/mobile deposit of a fraudulent check for $5,100.90 |
| EIGHTEEN | December 2, 2020 | Wire from BOA account ending in 2698 for $5,000.00 |
| NINETEEN | December 3, 2020 | Wire from BOA account ending in 2698 for $2,500.00 |

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT TWENTY
### (Conspiracy to Commit Theft of Mail)

### A. Introduction

At all times material to this Indictment:

1. Every letterbox or other receptacle intended or used for the receipt or delivery of mail on any city delivery route, rural delivery route, highway contract route, or other mail route is designated an authorized depository for mail.

2. A private mailbox or mail receptacle is an "authorized depository for mail matter."

10

## B. The Conspiracy

3. Beginning on an unknown date, but not later than in or about January 2020, and continuing through and including in or about January 2021, in the Middle District of Florida, and elsewhere, the defendants,

> MICHAEL RALPH GARONE
> CIERRA NICOLE MICHEL
> LESLIE ANNETTE GARONE,

did knowingly and willfully combine, conspire, confederate, and agree with each other and others, both known and unknown to the Grand Jury, to commit the offense of theft of mail, in violation of 18 U.S.C. § 1708.

## C. Manner and Means of the Conspiracy

4. The manner and means by which the defendants sought to accomplish the conspiracy included, among other things, the following:

   a. It was part of the conspiracy that the conspirators completed paperwork and obtained a Post Office Box ("PO Box").

   b. It was further part of the conspiracy that the conspirators visited the USPS website and submitted fraudulent change of address requests.

   c. It was further part of the conspiracy that the defendants obtained the mail that was fraudulently sent to them.

   d. It was further part of the conspiracy that the defendants opened the stolen mail and removed items of value.

e.  It was a further part of the conspiracy that the conspirators would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of the scheme and the acts committed in furtherance thereof.

### D. Overt Acts

5.  In furtherance of the conspiracy, and to effect the object thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere, beginning on an unknown date, but not later than in or about January 2020, and continuing through and including in or about January 2021:

a.  a conspirator, alone and together with others known and unknown, completed paperwork and obtained a PO BOX in the name of Leslie Garone;

b.  a conspirator, alone and together with others known and unknown, submitted on-line fraudulent change of address requests to the USPS for Bank of America;

c.  a conspirator, alone and together with others known and unknown, obtained the mail matter intended for Bank of America, but sent to the PO BOX for Leslie Garone;

d.  a conspirator, alone and together with others known and unknown, removed and took possession of items of value to include checks and money orders from the mail matter intended for Bank of America, but sent to the PO BOX for Leslie Garone;

e. a conspirator, alone and together with others known and unknown, provided the mail matter intended for Bank of America, but sent to the PO BOX for Leslie Garone, to Michael Ralph Garone and Cierra Nicole Michel;

f. Michael Ralph Garone and Cierra Nicole Michel maintained possession of the mail matter intended for Bank of America, but sent to the PO BOX for Leslie Garone

All in violation of 18 U.S.C. § 371.

## COUNT TWENTY-ONE
### (Aiding and Abetting Possession of Stolen Mail)

On or about December 8, 2020, in the Middle District of Florida and elsewhere, the defendants,

> MICHAEL RALPH GARONE
> CIERRA NICOLE MICHEL
> LESLIE ANNETTE GARONE,

did unlawfully possess and aided and abetted in the possession of mail matter to include First Class mail and any article or thing contained therein, which had been stolen, taken, embezzled and abstracted from or out of any mail, post office or station, letter box, mail receptacle, or other authorized depository for mail matter, knowing the mail matter to have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter.

All in violation of 18 U.S.C. §§ 1708 and 2.

## FORFEITURES

1. The allegations contained in Counts One through Twenty-One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343 (wire fraud), or of a conspiracy to violate 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, or upon a conviction of a violation of 18 U.S.C. § 1708, or of a conspiracy to violate 18 U.S.C. § 1708, in violation of 18 U.S.C. § 371, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. Upon conviction of a violation of 18 U.S.C. § 1344, or of a conspiracy to violate 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

4. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of the proceeds each defendant personally obtained from the offenses.

5. If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Kevin C. Frein
Assistant United States Attorney

By: _____
Michael J. Coolican
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
8/27/25 Revised

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

MICHAEL RALPH GARONE
CIERRA NICOLE MICHEL
LESLIE ANNETTE GARONE

## INDICTMENT

Violations: Ct 1 & 8:   18 U.S.C. § 1349
Ct 2-7:   18 U.S.C. §§ 1344 and 2
Ct 9-19:   18 U.S.C. §§ 1343 and 2
Ct 20:   18 U.S.C. § 371
Ct 21:   18 U.S.C. §§ 1708 and 2

A true bill,

_____
Foreperson

Filed in open court this 27th day of August, 2025.

_____
Clerk

Bail   $ _____

GPO 863 525